UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TABITHA K. KAMMERAAD,        ) | |
|     Plaintiff,        ) | |
| ) | No. 1:23-cv-234 |
| v.        ) | |
| ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL   ) | |
| SECURITY,        ) | |
|     Defendant.        ) | |
| _____) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a social security case concerning Tabitha Kammeraad. Plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 405(g) and sought judicial review of a final decision by the Commissioner of Social Security ("CSS"). The CSS denied her claim for disability insurance benefits ("DIB").

Presently, this matter comes before the Court on Plaintiff's objection (ECF No. 15) to the Report and Recommendation ("R&R") issued by Magistrate Judge Ray Kent. (ECF No. 14). The R&R concluded that the record provided substantial evidence to support the ALJ's decision that Plaintiff did not meet the requirements of Listings 1.15 (Disorders of the Skeletal Spine resulting in compromise of a nerve root) and 1.16 (Lumbar spinal stenosis resulting in compromise of the cauda equina). The R&R would affirm the CSS's decision to deny Plaintiff's claim for DIB.

### I. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

1

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II. Discussion

Plaintiff filed three-pages of *pro se* objections to the R&R. Because Plaintiff is *pro se*, the Court will construe her objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff fails to identify specific errors in the R&R. Generally, Plaintiff asserts that her health is poor, that she can no longer do the things she used to, that the system failed her, and she is frustrated. (ECF No. 15). Even with the deferential standard afforded to *pro se* litigants, Plaintiff's generalized grievances do not point to specific factual errors or erroneous conclusions of law. Upon review of the ALJ's decision, the R&R issued by the Magistrate Judge, and Plaintiff's generalized objections, the court will adopt the R&R.

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 14) is **ADOPTED** by the Court.

**IT IS SO ORDERED.**

Date:  January 17, 2024                              /s/ Paul L. Maloney
                                                                                       Paul L. Maloney
                                                                                       United States District Judge